UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TERRY JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV423-247 |
| ) | |
| JUSTIN PHILLIPS, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Terry Johnson filed a pleading on a form Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* doc. 1. He did not pay the filing fee when he filed, *see* doc. 2, but has now done so, *see* docket entry dated September 14, 2023. As discussed below, since it appears from the face of his Petition that it is unexhausted and seeks relief that is not available in a § 2254 proceeding it should be **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Johnson's pleading is, to say the least, confusing. He suggests that he is confined in "County Jail," doc. 1 at 1, but the Petition was mailed from a private residence in Savannah, Georgia, *see* doc. 1-1 at 44. He states that he is challenging a 1996 conviction in Chatham County for possession of a firearm "by convicted," obstruction of an officer, and possession of marijuana. Doc. 1 at 1. He lists the "length of sentence" as "final disposition." *Id*. He states that he appealed that conviction to the "State Court Chatham County," lists the citation to his appeal as "Citation Ticket," and states, in unedited form, that the grounds he raised were: "false imprisonment from a case juvenile conviction case numbe CR94-0542AKA and case cr 96-1070 ongoing reset on Savannah Southern District of Georgia United States District Court in Savannah G,A." *Id*. at 2. In response to the form's questions about whether he filed a petition for certiorari in the United States Supreme Court, he responds that he did and the result was "#4:18-cv-00143-WTM Jeg Demand: $30,500,000 cause 42:1983 Prisoner." *Id*. The most recent proceeding discussed appears to be a state habeas proceeding in May 2023.[1] *Id*. The

---

[1] The Petition states: "law Name is Skye Musson was win on May 1, 2023 1 Grounds? The State of Georgia, by and through Brian W. DeBlasiis Assistant District for reason

2

substantive grounds are also virtually inscrutable.  Under the form's Ground One, Johnson has listed three, perhaps, sub-grounds: "(1) false imprisonment from a case arrest feb 9, 1996 and sentence Nov 14, 1996 No. 96-1070[;] (2) false imprisonment of the Records case 19cr1984 case. false F[;] (3) false imprisonment from case." *Id.* at 5.  His response to the form's question concerning timeliness includes a discussion of the Georgia Crime Information Center's obligations concerning disclosures. *Id.* at 14.  Finally, in response to the form's question concerning relief he states: "Terry Johnson Date of birthday is 01-16-1976, US District Court Southern District of G,A, Terry Demand 30,500,000 cause 42: 1983 Prisoner Civil Rights by Terry Johnson." *Id.* at 15.

The apparent request for monetary relief, and the vague implication that Johnson intended to file a civil suit pursuant to 42 U.S.C. § 1983, is a fatal defect in a § 2254 petition.  Monetary relief is not available in a habeas case.  *See, e.g., Furnace v. Giurbino*, 838 F.3d 1019, 1026 (9th Cir. 2016) ("Habeas, by its very nature, is an action to challenge 'the fact or length of custody' for which the remedy is release from

---

Motion to Nolle prosequi following reason: The defendant's petition for Habeas was granted entered LLL May 1, 2023." Doc. 1 at 3

custody, *Wolff v. McDonnell*, 418 U.S. 539, 554 . . . (1974); it is not action in damages, *Preiser v. Rodriguez*, 411 U.S. 475, 494 . . . (1973)."); *Pugh v. Olsen*, 2019 WL 4439502, at *1 (S.D. Ga. May 23, 2019) (plaintiff must "file any claim for monetary relief as a separate § 1983 action."). To the extent that Johnson seeks monetary damages, under any legal theory, he must file a separate civil action. Since monetary relief is not available in the § 2254 proceeding, and no other relief is requested in the Petition, it should be **DISMISSED**.

The remaining portions of the Petition are insufficient for the Court to discern whether Johnson could seek habeas relief, even assuming he wished to. As discussed above, it is, at best, ambiguous whether Johnson is actually incarcerated. Even if he were incarcerated, the Court is unable to screen his Petition because it is unclear what judgment he is challenging, what proceedings on that judgment have taken place in state courts, and what the grounds for challenging the validity of that judgment are. Finally, even if the Court could discern the nature of Johnson's challenge, it appears that he has previously filed a § 2254 petition challenging the 1996 conviction ambiguously invoked here. *See* doc. 1 at 1 (listing the criminal docket number of judgment challenged as

4

"CR96-1070" and the date of sentencing as "Nov 14, 1996); *Johnson v. Goodrich*, CV412-270, doc. 5 (S.D. Ga. Nov. 26, 2012) (recommending dismissal of Johnson's "§ 2254 petition challenging his 1996 conviction" as untimely), *adopted* doc. 9 (S.D. Ga. Dec. 14, 2012). Crediting the instant Petition's ambiguous assertion that he is challenging the same 1996 conviction, this Court's prior disposition would render the instant Petition second or successive, depriving this Court of jurisdiction to consider it. *See, e.g., Smalls v. St. Lawrence*, 2012 WL 1119766, at *1 (S.D. Ga. Feb. 27, 2012). The civil case he refers to in his Petition was dismissed, as it "raise[ed] the same claims of false imprisonment and malicious prosecution this Court rejected more than five years ago, just with new defendants added." *Johnson v. Pennington*, CV418-143, doc. 3 at 1 (S.D. Ga. June 22, 2018), *adopted* doc. 5 (S.D. Ga. July 24, 2018). Those prior dispositions all suggest that the instant Petition is nothing more than an attempt to relitigate claims that have been previously rejected. Further attempts to divine the substance of Johnson's pleading, if any, are, therefore, unnecessary.

Since Johnson's § 2254 petition seeks unavailable monetary relief, it should be **DISMISSED**.[2] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

---

[2] To the extent that Johnson actually seeks habeas relief, the fourteen-day objections period, discussed below, affords him an opportunity to submit an amended petition. The Clerk is **DIRECTED** to send a blank copy of Form AO 241 (Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254) for Johnson's convenience. To the extent that he seeks monetary damages, he must file a separate civil action and pay the required filing fee or seek leave to proceed *in forma pauperis*.

6

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 18th day of September, 2023.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia