IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TERRY JOHNSON,

    Petitioner,

v.

JUSTIN PHILLIPS,

    Respondent.

CIVIL ACTION NO.: 4:23-cv-247

**O R D E R**

Before the Court is the Magistrate Judge's September 18, 2023 Report and Recommendation, (doc. 3), to which no objections have been filed. After a careful de novo review, the Court agrees with the Magistrate Judge's recommendation. The Court, therefore, **ADOPTS** the Report and Recommendation, (doc. 3), as its opinion and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus. (Doc. 1.). Although Petitioner did not file an objection to the Magistrate Judge's Report and Recommendation, he did submit a pleading on a form § 2254 petition. (See doc. 4.) That document is incomprehensible. It refers to a 1996 conviction, apparently in Chatham County Superior Court. (Id., p. 1.) It includes what appear to be random quotations from the Magistrate Judge's Report and Recommendation. (See, e.g., id. (in response to the form's prompt to "identify all crimes of which you were convicted," Johnson responds, in part "Terry David Johnson Motion apparent request for monetary relief Johnson intended to file a civil suit pursuant to 42 U.S.C. [§] 1983 is a fatal defect in a [§] 2254 Petition.") It identifies an ambiguous proceeding in Washington County, Georgia, but provides a case number apparently corresponding to a 2018 case in this Court, the result of which was "Facts appears to be a state

habeas proceeding in May 1, 2023!" (Id., p. 2 (citing "4:18-cv00143-WTM-Jeg").) It seeks monetary damages. (Id., p. 5 (Terry Johnson is Damand [sic] 30,500.000 cause 42 1983 Civil rights by [sic].")). However, he also states that, as relief, Petitioner seeks "facts for force a Pertinent Judgment or claim shall not be counted toward any period of limitation." (Id., p. 15.) He also attaches a number of documents that have no conceivable relevance to a § 2254 petition. (See id., pp. 16-20, 27-33 (documents related to insurance policies), 23 (correspondence from the United States Social Security Administration), 25-26 (correspondence from the United States Internal Revenue Service). Whatever the intent of Johnson's submission, it is frivolous. Cf. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (a pleading "is frivolous where it lacks an arguable basis either in law or in fact."). It is, therefore, **DISMISSED**. Doc. 4.

Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 11th day of October, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2